[Cite as *State v. Goins*, 2022-Ohio-3728.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| AARON CHRISTOPHER GOINS | : | Case No. 22AP0003 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Court of Common
                                 Pleas, Case No. 20CR0042




JUDGMENT:                        Affirmed




DATE OF JUDGMENT:                October 18, 2022




APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

MARK HOWDYSHELL                             BRIAN W. BENBOW
109 E. Main Street                          265 Sunrise Center Drive
McConnelsville, OH  43756                   Zanesville, OH  43701

*Wise, Earle, P.J.*

{¶ 1}  Defendant-Appellant Aaron Goins appeals the December 22, 2021 judgement of conviction and sentence of the Morgan County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant has two children in common with the victim in this matter, A.P. On July 17, 2020, appellant went to A.P.'s place of employment and physically assaulted her. As a result, on March 1, 2021, the Morgan County Grand Jury returned an indictment charging appellant with one count of domestic violence in violation of R.C 2919.25(A). Due to a previous conviction for domestic violence, the charge was a felony of the fourth degree.

{¶ 3}   On November 3, 2021, appellant stipulated to facts sufficient to support a conviction and pled guilty to the charge. The trial court ordered a presentence investigation. At the December 22, 2021 sentencing hearing, appellant was sentenced to a 5-year term of community control.

{¶ 4}   On January 31, 2022, appellant filed a motion for delayed appeal which his court granted on February 22, 2022. On April 19, 2022, this Court issued a judgment entry, notifying appellant that his counsel filed an Anders brief, and allowing appellant to file a pro se brief within 60 days of the filing date of the entry. A copy of the judgment entry was served on appellant via certified U.S. Mail. Appellant did not file a pro se brief.

{¶ 5}   The matter is now before this court for consideration of counsel's Ander's brief.

{¶ 6}   In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) the Supreme Court of the United States held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Anders* at 744. Counsel must accompany his/her request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and, (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant the counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 7}   Appellate counsel's brief lists the following proposed assignments of error:

I

{¶ 8}   "THE COURT ERRED IN IMPOSING A SENTENCE THAT WAS GROSSLY DISPROPORTIONATE TO APPELLANT'S CONDUCT AND NOT IN ACCORDANCE WITH STATUTES GOVERNING FELONY SENTENCING AND WHICH DEMONSTRATES AN UNNECESSARY BURDEN ON STATE RESOURCES."

II

{¶ 9}   "APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I, II

Sentence

{¶ 10} In the first proposed assignment of error, counsel proposes appellant's sentence was grossly disproportionate to his conduct and not in accordance with felony sentencing guidelines. We disagree.

{¶ 11} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 12} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 13} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-Ohio-2646, ¶ 90, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶ 14} During the sentencing hearing, neither party disputed that appellant could be sentenced to a prison term for his fourth-degree felony conviction for domestic violence. Transcript of sentencing hearing (T.) at 4-5. Instead, however, the trial court imposed a community control sanction. T. 9. The sentence imposed is therefore not

clearly and convincingly contrary to law, nor grossly disproportionate to appellant's conduct.

Ineffective Assistance of Trial Counsel

{¶ 15} The standard this issue must be measured against is set out in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
>
> 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶ 16} Upon review of the record, we find no acts by trial counsel nor any failure to act upon which a successful claim of ineffective assistance could be based.

{¶ 17} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We

therefore find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 18} The judgment of the Court of Common Pleas of Morgan County, Ohio, is hereby affirmed.

By Wise, Earle, P.J.

Delaney, J. and

Baldwin, J. concur.

EEW/rw